IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, | C/A No. 3:12-152-JFA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Investigation; Eric Holder, United States Attorney General; and William N. Nettles, United States Attorney for the District of South Carolina, | |
| Defendants. | |

The plaintiff, Ronald Brunson ("Plaintiff"), who is self-represented, brings this action against a federal agency and two federal officials. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed with prejudice as repetitious and frivolous.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements

under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

The Complaint names as Defendants the Federal Bureau of Investigation ("FBI"); Eric Holder, the Attorney General of the United States; and Bill Nettles, the United States Attorney for the District of South Carolina. The Complaint's statement of claim alleges as follows:

> Federal Bureau of Investigation have had been wrongfully internal investigating me internally and livehood and I was injured. United States Magistrate Judge Paige J. Gossett, would you not close my lawsuit, but reinstate, base I am mental ill and physical injury were causes by defendant, and I was unable to help my self. Would you summons defendant and would you order judgement by default and close this case.

(Compl., ECF No. 1 at 4.) The relief requested is "judgement by default and $42,000,000 million dollars and would you grant state penetenary [*sic*]." (Id. at 5.)

The Complaint itself does little to explain the Plaintiff's claim; however, taken in light of the Plaintiff's history of cases filed in this court, it is clear the Plaintiff is attempting to bring the same claim he has previously pursued in his prior cases. Plaintiff has filed fourteen prior cases characterized by similar disjointed and delusional allegations. A brief

Page 3 of 12
PJG

history of Plaintiff's prior cases in this court will provide the necessary background in which to consider the current Complaint.[1]

Plaintiff filed his first case in this court ("Brunson I") in October 2002. Brunson v. Mims, C/A No. 3:02-3370-19BD. Brunson I claimed various local, state and federal government officials and agencies, including the FBI, failed to investigate Plaintiff's claims that unknown persons, possibly connected to government agencies, were interfering in his life and causing him harm. Brunson I was dismissed without prejudice for failure to state a claim.

Plaintiff's second case ("Brunson II"), was filed in August 2008. Brunson v. Fed. Bureau of Investigation, C/A No. 3:08-2965-JFA-BM. Brunson II claimed various state and federal agencies, as well as private citizens, conspired to place some type of monitoring system in Plaintiff, which provided information that was used to harm Plaintiff. In October 2008, the case was dismissed without prejudice as being frivolous. In addition to the frivolous finding, the court explained the application of several legal doctrines, such as sovereign immunity for government agencies, executive immunity for officials of the executive branch of government, and the requirement to exhaust administrative remedies before filing a lawsuit under the Federal Tort Claims Act ("FTCA"), which would be applicable if the case were not factually frivolous.

Plaintiff filed a third case ("Brunson III") in October 2009. Brunson v. Thomas, C/A No. 3:09-2598-JFA-PJG. Brunson III sued an individual agent of the FBI, again claiming

---

[1] Judicial notice is taken of Plaintiff's prior cases filed in this court. See Colonial Penn Inc. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").



injury from some type of "internal investigation machine" used by the FBI against Plaintiff. The case was dismissed without prejudice for failure to state a claim in November 2009.

In 2011, Plaintiff filed eleven cases, many of which included the FBI as a defendant, and all of which included the Plaintiff's claims concerning the internal investigation of him using monitoring devices placed in his body.

Plaintiff's fourth case ("Brunson IV") was filed in February 2011 while Plaintiff was a pre-trial detainee in a local detention center, and again included a claim against the individual FBI agent alleging that the FBI was tracking him through monitoring devices placed in him at his birth. Brunson v. McGainey, C/A No. 0:11-362-JFA-PJG. Brunson IV was dismissed in April 2011 as frivolous, and because the case was repetitious it was deemed a "strike" for purposes of 28 U.S.C. § 1915(g), which prohibits a prisoner with three "strikes" from proceeding without prepayment of the full filing fee unless he is in immediate physical danger. Plaintiff's fifth case ("Brunson V"), also filed in February 2011, continued to claim the FBI and Central Intelligent Agency were investigating him with internal monitoring devices, so the case was also dismissed as frivolous, without prejudice. Brunson v. Central Intelligent Agency, C/A No. 3:11-439-JFA-PJG.

In August 2011, Plaintiff filed three cases. Plaintiff's sixth case ("Brunson VI") sued the FBI for the same claims concerning internal investigation devices, and was dismissed without prejudice for failure to state a claim and as frivolous. Brunson v. Federal Bureau of Investigation, C/A No. 3:11-2132-JFA-PJG. Brunson VI again explained sovereign immunity and the requirements to bring an action under the FTCA., as well as explaining

the deliberate violation of a constitutional right by a federal actor under Bivens[2] is not applicable to a federal agency such as the FBI. Brunson VI notes that while the case was pending, Plaintiff filed two additional similar lawsuits. In Plaintiff's seventh case ("Brunson VII"), named several defendants, including the FBI, and his claims included allegations of spying devices, home invasion, and an electronic implant in Plaintiff's body at his birth. Brunson v. U.S. Dist. Court, Dist. of S.C., C/A No. 3:11-2313-JFA-PJG.[3] Brunson VII reiterated the application of sovereign immunity, the prerequisites to an FTCA claim, and the inapplicability of Bivens to a federal agency, as well as explaining that conduct by private individuals is not actionable under color of state or federal law for purposes of a civil rights action. In Plaintiff's eighth case ("Brunson VIII"), Plaintiff sued various law enforcement agencies claiming the defendants should have investigated the death of his brother as a crime. Brunson v. SLED, C/A No. 3:11-2314-JFA-PJG. Brunson VIII was dismissed for the same reasons as Brunson VII, but also explained that the state, and its agencies, are immune from suit under the Eleventh Amendment. The three cases filed in August 2011, Brunson VI, VII, and VIII, were dismissed without prejudice and without service of process in December 2011.

In September 2011, Plaintiff filed four more cases. Plaintiff's ninth case ("Brunson IX") sued the Department of Justice and FBI regarding an alleged forty-two million dollar

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[3] In Brunson VI and VII, Plaintiff filed an appeal to the United States Court of Appeals for the Fourth Circuit, in each case challenging the Magistrate Judge's report recommending that the district court dismiss the case. The Fourth Circuit consolidated the appeals and dismissed them for lack of jurisdiction because the reports are not final orders or appealable interlocutory or collateral orders.



check in connection with injuries related to a wrongful death investigation. Brunson v. DOJ, C/A No. 3:11-2659-JFA-PJG. Brunson IX reiterated the application of sovereign immunity, the prerequisites to an FTCA claim, and the inapplicability of Bivens to a federal agency. Brunson IX was dismissed without prejudice for failure to state a claim and as factually frivolous, based on the similar allegations of internal investigation through implanted devices. Plaintiff's tenth case ("Brunson X") sued the U. S. Postal Service under the FTCA and was dismissed without prejudice for failure to state a claim upon which relief may be granted. Brunson v. USPS, C/A No. 3:11-2660-JFA-PJG. Plaintiff's eleventh case ("Brunson XI") only named South Carolina as a defendant, but the Complaint also contained the same delusional factual allegations regarding an internal investigating machine implanted at Plaintiff's birth. Brunson XI was dismissed without prejudice based on Eleventh Amendment immunity, but Plaintiff's delusional factual allegations, which included the FBI, were noted. Brunson v. South Carolina, C/A No. 3:11-2661-JFA-PJG. Plaintiff's twelfth case ("Brunson XII") sued the City of Sumter and claimed law enforcement failed to investigate Plaintiff's complaints concerning home invasion, spy cameras, listening devices, and various property damage. Brunson XII contained the same delusional factual allegations involving electronic surveillance devices implanted in Plaintiff's body at birth and was dismissed without prejudice because it was frivolous, as well as failed to state a claim on which relief could be granted. Brunson v. City of Sumter, C/A No. 3:11-2662-JFA-PJG. The four cases filed in September 2011, Brunson IX, X, XI, and XII, were dismissed without prejudice and without service of process in December 2011.

*PJG*

In October 2011, Plaintiff filed two new cases. Plaintiff's thirteenth case ("Brunson XIII") again sued the manager of a radio station and an individual FBI agent, and the Complaint again claimed internal devices were placed in Plaintiff's body that were used to spy on him. Brunson v. Patterson, C/A No. 3:11-2758-JFA-PJG. The magistrate judge's report to the district judge in Brunson XIII highlighted the fact that most of Plaintiff's prior cases were found to be frivolous because they all contain substantially identical delusional allegations against many of the same defendants. Brunson XIII again explained, as had been explained in several prior cases, that Plaintiff has no legal right to require the criminal prosecution of another person. Brunson XIII was both frivolous and failed to state a claim on which relief could be granted, and so the case was dismissed without prejudice or service of process. Plaintiff's fourteenth case ("Brunson XIV") again sued the FBI claiming injury from an internal machine used to investigate Plaintiff and his family. Brunson v. FBI, C/A No. 3:11-2824-JFA-PJG. Brunson XIV was dismissed without prejudice and service of process on December 19, 2011.

The Complaint in the current case was filed on January 13, 2011. Because the complaint form was filed within the time for filing an appeal in Brunson XIV, and it requested reconsideration, but also could be construed as a new case, by Order dated January 23, 2012, the District Judge directed Plaintiff to clarify his intention in filing the complaint form. (ECF No. 5.) Plaintiff filed a response to the Order on February 6, 2012. (ECF No. 8.) The court's Order, dated February 7, 2012, notes that Plaintiff's response was not entirely clear, but did indicate that the complaint form was not an appeal of Brunson XIV. (ECF No. 10.) The Order further found that Plaintiff's document filed on January 13, 2012, was a new complaint. (Id.)



## DISCUSSION

The factual allegations of the Complaint state verbatim that the "Federal Bureau of Investigation have had been wrongfully internal investigating me internally and livehood and I was injured." (ECF No. 1 at 4.) As explained in Plaintiff's most recent case against the FBI, Brunson XIV, based on similar factual allegations of internal machines used to investigate Plaintiff's life and livelihood, the Complaint is subject to summary dismissal based on the failure to state a claim on which relief may be granted. If this case is construed as a Bivens action, a Bivens action may not be brought against agencies of the United States, such as the Federal Bureau of Investigation. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Although a Bivens action can be brought against an individual acting under federal authority for deliberate violation of constitutional rights, the Complaint contains no factual allegations against the individuals named as defendants, and therefore fails to state a claim. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). If this case is considered as one brought under the Federal Tort Claims Act ("FTCA"), the defendants in this action are entitled to summary dismissal. A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction under the FTCA over claims asserted against federal agencies or individual federal employees. See 28 U.S.C. §2679(a), (b)(1); see also Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Additionally, in light of Plaintiff's history of cases, Plaintiff's allegation of internal investigation by the FBI is repetitious and frivolous.

All fourteen of Plaintiff's prior cases, characterized by disjointed and delusional factual allegations, have been dismissed prior to service and without prejudice. Although the court perceives that because of Plaintiff's acknowledged mental illness, he may believe his factual allegations are true, and sincerely desire to proceed in pursuit of his legal claims, the reality is that Plaintiff's continued pursuit of frivolous actions uses limited judicial resources that can be better utilized if Plaintiff's ability to pursue these repetitious claims are judicially constrained. The court has repeatedly explained to Plaintiff that his claim of internal monitoring devices placed in him by various defendants is frivolous, which means it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325. Plaintiff's claim of internal investigating devices is not based on reality and Plaintiff cannot present a viable legal claim based on these allegations. Further, the court has repeatedly explained the same legal doctrines that are applicable to bar Plaintiff's repetitious claims against various defendants. The court's resources are limited, and any further discussion of Plaintiff's repeated claims are an ineffective use of those limited judicial resources. If the recommendation below is accepted and the Complaint is dismissed with prejudice, that means that the legal determination will be final, and no future lawsuit may be brought against any defendants based on the frivolous factual allegations that Plaintiff is or has been internally investigated through devices placed in his body. If Plaintiff continues to file complaints in the future which contain the same delusional claims, this court will recommend that sanctions, such as full payment of the filing fee prior to filing, be imposed upon Plaintiff.

*PJG*

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint be summarily dismissed with prejudice and without service of process because it is repetitious and frivolous. See 28 U.S.C. § 1915(e)(2).

It is further recommended that the court issue a clear warning to Plaintiff that he will subject himself to the entry of sanctions by the court if he continues to submit the type of frivolous cases based on delusional allegations against these defendants or others that he has been submitting in recent years.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 13, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).